UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re* LYNN DEE HARRINGTON,<br><br>Debtor, | No. 2:24-03246-DAD<br><br>Appeal from the United States Bankruptcy Court for the Eastern District of California, Christopher M. Klein, Bankruptcy Judge |
| LYNN DEE HARRINGTON,<br><br>Appellant-Defendant,<br><br>v.<br><br>EL DORADO COUNTY,<br><br>Appellee-Plaintiff. | Bankruptcy Petition No. 19-26964-A-7<br><br>Adversary Proceeding No. 20-02017-C<br><br><u>ORDER GRANTING *EX PARTE* APPLICATION TO TRANSFER THIS APPEAL TO THE BANKRUPTCY APPELLATE PANEL</u><br><br>(Doc. No. 5) |

This matter is before the court on appellant's *ex parte* application to transfer this action to the United States Bankruptcy Appellate Panel of the Ninth Circuit ("the BAP"). (Doc. No. 5.) On November 21, 2024, appellant filed a notice of bankruptcy appeal in this court. (Doc. No. 1.) Appellant also filed an opening letter in this appeal on November 22, 2024. (Doc. No. 2.) On December 6, 2024, appellant filed the pending *ex parte* application to transfer this action. (Doc. No. 5.)

In her *ex parte* application, appellant represents that her counsel had "[b]y error . . . incorrectly completed Part 4" of the notice of appeal and statement of election, and erroneously

1

selected this appeal to be heard by the United States District Court rather than by the BAP. (Doc. No. 5 at 1.) She further represents that on November 21, 2024, she filed an amended notice of appeal and statement of election which was "amended as to [the] Part 4 Election and changed the election to the [BAP]." (Doc. No. 5 at 2.) A review of the current notice of appeal on this court's docket verifies that Part 4 of that filing indicates that appellant does not elect to have her appeal heard by this court and instead wishes the BAP to hear her appeal. (Doc. No. 1 at 4.) Appellant states that she "has been advised by the Bankruptcy Court Clerk's Office staff[] that an application to the United States District Court Judge is required to have the case transferred to [the BAP]." (Doc. No. 5 at 2.)

Accordingly,

1. The appellant's *ex parte* application to transfer this action to the United States Bankruptcy Appellate Panel of the Ninth Circuit (Doc. No. 5) is granted;

2. The court hereby transfers this action to the United States Bankruptcy Appellate Panel of the Ninth Circuit;

3. The court further directs the Clerk of the Court for the Eastern District of California in Sacramento to forward all filings in this action to the United States Bankruptcy Appellate Panel of the Ninth Circuit; and

4. The Clerk of the Court for the Eastern District of California shall close this case upon completion of the transfer.

IT IS SO ORDERED.

Dated:   **December 6, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE